Natalie A. Remien
REMIEN LAW, INC.
8 S. Michigan Ave. Suite 2600
Chicago, Illinois 60603
(312) 332.0606

Attorneys for Plaintiff Race-Mart, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RACE-MART, INC., | ) | |
| a Florida corporation, | ) | CASE NO. |
| | ) | |
| Plaintiffs, | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | |
| WINDYCITY AUTO SUPPLIERS, LLC d/b/a | ) | |
| Autoplicity.com, | ) | |
| an Illinois Limited Liability Company, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EDWARD LICHSTEIN, | ) | |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY

Plaintiff Race-Mart, Inc. ("RMI") for its Complaint against defendants Windycity Auto Suppliers, LLC d/b/a as Autoplicity.com ("WCAS") and Mr. Edward Lichstein ("EL") (collectively, "Defendants") seeking damages and other relief for trademark infringement alleges as follows:

## PARTIES

1.      RMI is a Florida corporation, having its principal place of business at 4313 Hollow Hill Drive, Tampa, Florida, U.S.A. 33624.  On information and belief, WCAS is an Illinois Limited Liability Company, having its principal place of business at 5631 Dempster Street, Morton Grove, Illinois, U.S.A. 60053.  On information and belief, EL is an individual residing in the state of Illinois, U.S.A.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over RMI's trademark infringement claim under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1114.

3.      This Court has personal jurisdiction over Defendants because they have transacted and are transacting business in this District, and have offered for sale, distributed, advertised and/or sold products that infringe the trademark in this judicial District.

4.      Venue properly lies in this Court under 28 U.S.C. §§ 1391(b) and (c) because WCAS resides in this District and Defendants are both residents of the State of Illinois.

**BACKGROUND**

**DEFENDANT INFRINGES RMI'S TRADEMARK**

5.      Since at least as early as August 2008, RMI has been providing online retail store services featuring automobile parts, accessories, tools, and shop equipment using the trademark RACE-MART ("RMI's Mark").

6.      RMI's Mark is distinctive and identifies RMI as the source of its services. Additionally, it is the owner of a federal trademark registration for RACE-MART (Reg. No. 3,718,043).

7.      Defendants are the registrants of the website <www.autoplicity.com> ("Site").

8.      Defendants used, advertised, distributed, offered for sale, and/or sold its services on its Site using RMI's Mark, which infringe RMI's Mark.

9.      Defendants' use, advertising, distributing, offering for sale and/or selling its services on Site using RMI's Mark has led to other websites on the Internet using, advertising, distributing, offering for sale and/or selling goods and/or services RMI's mark in connection with Defendants' services, including, but not limited to, <www.shopping.google.com>.

**COUNT I**

**Infringement of RMI's RACE-MART mark Under 15 U.S.C. §1114**

10.      RMI re-alleges and incorporates by reference the allegations in Paragraphs 1 through 9 of its Complaint.

11.      RMI is the owner of a federal trademark registration for RACE-MART (Reg. No. 3,718,043).

12.     Upon information and belief, Defendants willfully, knowingly and intentionally violated RMI's rights under 15 USC § 1114(1) by its use of RMI's Mark in connection with the advertisement, offering for sale, and/or sale of its services.

13.     Defendant deceptively used an identical mark to RMI's Mark, which is likely to cause confusion, to cause mistake, or to deceive as to the source of Defendants' services.

14.     Defendant's acts were calculated to deceive, or were likely to deceive, the public who recognizes and associates RMI's Mark with RMI.  Moreover, this conduct was likely to cause confusion, to cause mistake, or to deceive the public as to the source of Defendants' services.

15.     By reason of Defendants' conduct as alleged above, RMI has suffered damage to its operation, ability to garner clients through its website, reputation and goodwill, and the loss of sales and profits.

**RELIEF REQUESTED**

WHEREFORE, RMI requests that the Court enter a judgment in RMI's favor and against Defendants and provide RMI the following relief:

A.     Order, adjudge, and decree that Defendants have infringed RMI's Mark under 15 U.S.C. § 1114(1);

B.     Order, adjudge, and decree that Defendants willfully and knowingly infringed RMI's Mark;

D.     Order Defendants and their respective parents, subsidiaries, principals, officers, agents, affiliates, servants, attorneys, employees, and all others in privity with it to refrain permanently from any use of the mark RACE-MARK, or any colorable

imitation, with respect to its services, any online or retail sale services related to the automotive industry, or other confusingly similar services;

E.      Award RMI damages for trademark infringement including prejudgment interest and costs against Defendants under 15 U.S.C. § 1117;

F.      Award RMI three times its damages to compensate RMI under 15 U.S.C. § 1117;

G.      Award RMI its reasonable attorneys' fees and costs under 15 U.S.C. § 1117; and

H.      Award such other and further relief as the Court may deem just.


Dated:  October 4, 2012                    Respectfully submitted,

                                           RACE-MART, INC.

                                           _____/s/ Natalie A. Remien_____
                                                Natalie A. Remien

                                           Natalie A. Remien
                                           REMIEN LAW, INC.
                                           8 S. Michigan Ave. Suite 2600
                                           Chicago, Illinois  60603
                                           (312) 332.0606
                                           natalie@remienlaw.com